## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

This Confidential Settlement Agreement and Mutual General Release ("Agreement"), is made and entered into by and between COMMUNITY HEALTH OF SOUTH FLORIDA, INC., its parent corporations, subsidiaries, affiliates, divisions, predecessors, successors and assigns, joint employers, joint ventures, and the current and former employees, officers, directors, board members, owners, insurers, attorneys and agents thereof (hereinafter the "CHI"), and MONICA BETTS, on behalf of herself, her heirs, predecessors, successors, and assigns (hereinafter "BETTS").

WHEREAS, on or about July 23, 2015, BETTS filed a two count Complaint against Defendant in the action styled *Monica Betts v. Community Health of South Florida, Inc.*, Case No. 1:15-cv-22743-DPG, in the United States District Court, Southern District of Florida alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA"), and alleging retaliation in violation of the FLSA (hereinafter called the "Action");

WHEREAS, CHI denies the validity of BETTS' claims and denies that it is subject to any liability;

WHEREAS, the parties wish to avoid the expenses and risks of litigation and resolve and settle their differences without resort to further litigation; and

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth herein, which covenants and agreements constitute good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them that exist or may exist between them:

1.     **Recitals**.   The parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2.     **Consideration**.   In consideration of the mutual promises exchanged herein, and compliance with the mutual promises made herein, CHI shall pay to BETTS the total sum of Twenty Seven Thousand Five Hundred Dollars ($27,500.00) (the "Settlement Funds"), allocated as follows:

A.     CHI shall issue payment in the gross amount of Two Thousand Two Hundred Eighty Nine Dollars and sixty two cents ($2,289.62), less withholding and all lawful taxable deductions, made at the usual and customary rate, made payable to "MONICA BETTS." The payment referenced in this subparagraph 2(A) represents the recovery of unpaid wages and unpaid overtime wages, for which the appropriate IRS Form W-2 shall be issued.

MB

CHI

B.     . CHI shall issue payment in the amount of Thirteen Thousand Four Hundred and Twenty Dollars and Ninety-Seven Cents ($13,420.97), made payable to "MONICA BETTS." The payment referenced in this subparagraph 2(B) represents liquidated damages, compensatory damages for emotional distress associated with the claim of retaliation, as well as any other damages claimed in the Action, for which the appropriate IRS Form 1099 shall be issued.

C.     CHI shall have issued payment in the amount of Eleven Thousand Seven Hundred and Eighty-Nine Dollars and Forty-One Cents ($11,789.41), made payable to "The Longo Firm, P.A." The payment referenced in this subparagraph 2(C) represents the recovery of attorneys' fees and costs, for which the appropriate IRS Form 1099 shall be issued.

D.     The settlement proceeds shall be delivered to counsel for BETTS within ten (10) business days of the satisfaction of all of the following conditions precedent:

(1)     receipt by counsel for CHI of this Agreement executed by BETTS;

(2)     receipt by counsel for CHI of an IRS Form W-9 fully executed by BETTS and an IRS Form W-9 fully executed by counsel for BETTS;

. (3)     entry by the Court of an order approving this Agreement.

E.     Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Settlement Approval and Proposed Order Dismissing this case with prejudice within three (3) days after this Agreement has been executed by all parties. The parties will request the Court retain jurisdiction for 30 days to enforce the terms and conditions of this settlement agreement.

F.     Any employee tax obligation arising from the payment made to BETTS under subparagraph 2(B) of this Agreement will be BETTS' sole responsibility. BETTS agrees to and does indemnify, defend and hold CHI harmless for and from any federal, state and local tax liability, including taxes, interest, penalties, and required withholdings, which may be or are asserted against or imposed upon CHI by any taxing authority based upon any failure to withhold any amount from the settlement proceeds for tax purposes, and also for any and all attorneys' fees and costs incurred by CHI in defending any and all such matters.

3.     **No Consideration Absent Execution of this Agreement**. BETTS understands and agrees that she would not receive the monies and/or benefits specified in paragraph "2" above, except for her execution of this Agreement and the fulfillment of the mutual promises contained herein. The payment reflected in paragraph "2" is made in full and final settlement and resolution of the Action.

4.     **Attorneys Not Tax Experts.** The Parties acknowledge that any attorney involved in this agreement does not claim to be an expert in tax matters. Each Party states that she/it has

MB 
CHI

2

consulted or has had the opportunity to consult with a tax professional to fully evaluate the tax implications and consequences of this Agreement.

5. **Release of Claims by BETTS**. BETTS knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, CHI, its parent corporations, affiliates, subsidiaries, divisions, predecessors, successors and assigns, joint employers, and the current and former employees, officers, directors, board members, owners, insurers, and agents thereof (all collectively referred to throughout this Release Provision as "the Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, which BETTS has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- Employee Retirement Income Security Act (ERISA);
- Racketeer Influenced and Corrupt Organizations Act (RICO);
- The Florida Civil Rights Act -- Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act -- Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act - Fla. Stat. §448.110; ·
- Any and all Florida laws relating to the payment of wages;
- Florida Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.   Acknowledging the foregoing, BETTS

MB
CHI

3

understands and agrees that she is releasing all of the Released Parties from any and all claims, and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by her or on her behalf.

6. **The ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, you acknowledge by your signature below and the initialing of all pages of this Agreement that you have read and understood this Agreement and specifically understand the following:

A. That you may consult with an attorney before signing this Agreement, that you are being encouraged to consult with an attorney and that you in fact did consult with an attorney;

B. · That you had adequate time to consider the terms of this Agreement and that you understand the terms and, by signing this Agreement, you consent to same;

C. That you are releasing CHI from, among other things, any claim which you might have against CHI pursuant to the ADEA, as amended by the Older Worker's Benefit Protection Act of 1990; and

D. That this Agreement does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement.

7. **Affirmations.**

A. BETTS AFFIRMS THAT SHE HAS NOT FILED, CAUSED TO BE FILED, OR PRESENTLY IS A PARTY TO ANY CLAIM, COMPLAINT, OR ACTION AGAINST CHI IN ANY FORUM (ADMINISTRATIVE, COURT, OR ANY OTHER FORUM), EXCEPT FOR THE ACTION.

B. BETTS AFFIRMS THAT SHE HAS BEEN PAID AND/OR HAS RECEIVED ALL LEAVE (PAID OR UNPAID), COMPENSATION, WAGES (INCLUDING OVERTIME), BONUSES, COMMISSIONS, REPAYMENT OF EQUITY, AND/OR BENEFITS TO WHICH SHE MAY BE ENTITLED AND THAT NO OTHER LEAVE (PAID OR UNPAID), COMPENSATION, WAGES, BONUSES, COMMISSIONS AND/OR BENEFITS ARE DUE TO HER, EXCEPT AS PROVIDED FOR IN THIS AGREEMENT.

C. BETTS AFFIRMS THAT SHE HAS NO UNREPORTED WORKPLACE INJURIES.

8. **Non-Disparagement**. BETTS agrees that she will not in the future (a) talk about or otherwise communicate to any third party in a malicious, disparaging or defamatory manner regarding CHI, or (b) make or authorize to be made any written or oral statement that may disparage the reputation of CHI. This includes, but is not limited to, any text messages, blogs, websites, or social media such as Twitter, Linkedin, and Facebook or in traditional media be it

MB

CHI

orally, in writing, via e-mail or otherwise.  CHI agrees that the senior management team will be advised not to make disparaging or defamatory comments about BETTS to third parties.

9.     **No Re-Application for Employment**.  BETTS agrees that she will not apply for employment or re-employment with CHI and acknowledges that any application for employment BETTS makes to CHI may be rejected without cause and without any liability whatsoever. BETTS understands and acknowledges that CHI is not and never shall be under any obligation to employ or re-employ her, and the refusal of CHI to employ or re-employ her will not subject CHI to liability on any grounds.

10.    **Neutral Reference**.  CHI agrees to provide a neutral reference to any prospective employers of BETTS that request a reference, which shall consist solely of confirmation regarding BETTS' job title, dates of employment, and final rate of pay.  BETTS agrees to direct such inquiries to CHI's Human Resources Department.

11.    **Confidentiality**.

A.     BETTS warrants that she has not disclosed any of the terms of this Agreement, or the negotiations related to this Agreement, to anyone other than her attorneys. BETTS represents and agrees that (i) she will keep the terms of this Agreement completely confidential, except and unless disclosure is required and compelled by law or as otherwise set forth below, and (ii) if disclosure is compelled by court order, she will disclose only so much information as is necessary for compliance.  BETTS agrees not to publicize or disclose any of the terms of this Agreement in any manner whatsoever, whether in writing or orally, to any person, directly or indirectly, or by or through any agent or representative, except as necessary to effectuate the terms of the Agreement, other than to the following: (1) her attorneys; (2) her spouse; (3) her accountants and tax consultants; and (4) other representatives or entities as required and compelled by law or lawful court order.  With respect to any individuals referred to above to whom BETTS knowingly discloses any information regarding this Agreement or its terms, BETTS agrees that she will inform such individuals that the information is strictly confidential and may not be reviewed, discussed or disclosed, orally or in writing with any other person, organization or entity whatsoever, at any time.  In the event any inquiry is made of BETTS concerning this matter, she shall indicate only that "the claim has been resolved," and shall give no other indication of the outcome.  Confidentiality is a material part of this Agreement, and is intended to be binding upon BETTS personally and all agents and other representatives of BETTS, if appropriate.

B.     In the event that BETTS is required by compulsion of legal process to disclose, publicize, or to permit, authorize or instigate the disclosure of this Agreement, in whole or in part, she must notify CHI in writing at least ten (10) business days prior to the disclosure in order to provide CHI an opportunity to object to such disclosure.  Such written notification shall be sent to: Edwin Cruz, Esq., Fowler, White, Burnett, P.A. (counsel for CHI), Brickell Arch,

MB
CHI

5

1395 Brickell Avenue, 14th Floor, Miami, Florida 33131. BETTS agrees to reasonably cooperate fully with CHI if the company objects to such disclosure.

C. This confidentiality agreement specifically includes, but is not limited to, an obligation, on the part of BETTS and her attorneys and other representatives, not to knowingly disclose, or cause to be disclosed, the terms of the Agreement to any current or former employee or independent contractor of CHI or any affiliate of CHI, or to any individual associated with the press or the media. BETTS agrees that she shall be responsible and liable for any disclosure prohibited by this section.

D. The Parties acknowledge and agree that the terms of paragraph 12(A) are a material inducement for the execution of this Agreement. Any actual or threatened disclosure or dissemination, other than as described above in paragraph 12(A), of this Agreement, the terms and conditions hereof, and/or the underlying facts and circumstances of the claims alleged in the Action, will be regarded as a breach of this Agreement and a cause of action shall immediately accrue for damages and injunctive relief.

12. **Nonadmission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Release is or shall be deemed or construed at any time for any purpose as an admission by CHI of any liability or unlawful conduct of any kind.

13. **Governing Law and Enforcement**. This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event that any party breaches any provision of this Agreement, the parties affirm that they may institute an action to specifically enforce any term or terms of this Agreement. Such action to enforce or construe the Agreement shall be filed in the federal court for the Southern District of Florida, and BETTS expressly consents to personal jurisdiction in this Court. The prevailing party shall be entitled to recover attorneys' fees and costs from the non-prevailing party in any enforcement action. **THE PARTIES EXPRESSLY WAIVE THEIR RIGHT TO A JURY TRIAL IN ANY ACTION TO ENFORCE THIS AGREEMENT.**

14. **Severability**. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

15. **Headings**. The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provision.

MB 
CHI

6

16.    **Amendment**.  This Agreement may not be modified, altered or changed except upon express written consent of both parties wherein specific reference is made to this Agreement.

17.    **Binding Nature of Agreement**. This Agreement shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns.  BETTS expressly warrants that she has not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

18.    **Selective Enforcement**.  The Parties agree that the failure of any party to enforce or exercise any right, condition, term or provision of this Agreement shall not be construed as or deemed to be a waiver or relinquishment thereof, and the same shall continue in full force and effect.

19.    **Copy of Agreement Valid**.  The parties agree that executed copies of this Agreement shall be valid and binding.

20.    **Entire Agreement**.  This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. BETTS acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

**BETTS IS HEREBY ADVISED THAT SHE HAS HAD A REASONABLE PERIOD OF TIME TO REVIEW AND CONSIDER THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE.  BETTS IS FURTHER ADVISED THAT SHE SHOULD CONSULT WITH COUNSEL BEFORE SIGNING THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE TO DISCUSS THE TERMS OF THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, AND BETTS ACKNOWLEDGES THAT SHE HAS CONSULTED WITH COUNSEL.**

**HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, BETTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST CHI AND ALL OF THE RELEASED PARTIES.**

MB
CHI 

7

**(SIGNATURES BEGIN ON THE FOLLOWING PAGE)**



MB
CHI

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Confidential Settlement Agreement and General Release as of the date(s) set forth below:

COMMUNITY HEALTH OF SOUTH FLORIDA, INC. (CHI)

_____
Witness

Date: 2/5/16

By: _Brodes H. Hartley Jr._

Name: BRODES H HARTLEY JR

Title: PRESIDENT/CEO

_____
Witness

Date: 01/22/16

_____
MONICA BETTS (MB)

Date: 01/22/16

4828-6662-5836, v. 1

MB
CHI

9